IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM STANLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-047 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

William Stanley, Jr. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff is a fifty-six year-old male with a limited education that has worked as a cement finisher and laborer in the construction industry. R. at 76, 192. Plaintiff protectively applied for SSI and DIB on March 3, 2011, alleging a disability onset date of July 8, 2010.

R. at ("R."), p. 192.  The Social Security Administration denied Plaintiff's applications initially, R. at 96-97, and on reconsideration, R. at 118-19.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 143-44, and the ALJ held a hearing on August 6, 2012, R. at 35-95.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Kenneth Bennett, a Vocational Expert ("VE").  Id.  On August 29, 2012, the ALJ issued an unfavorable decision.  R. at 21-29.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: status post right hip replacement and right wrist osteoarthritis (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant's total right hip replacement limits him to

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b), 416.967(b).

2

> performing light exertional work activities that never require climbing ladders, ropes, or scaffolding. He can individually sit, stand, walk, push, and/or pull for at least six of eight hours each eight-hour workday. He can lift/carry 20 pounds occasionally (up to 1/3 of an eight-hour workday) and 10 pounds frequently (up to 2/3 of an eight-hour workday). He can individually climb ramps/stairs, stoop, kneel, and crouch for no more than 1/3 of an eight-hour workday. He should avoid even moderate exposure to hazardous work environments such as unprotected heights. The claimant requires a cane to ambulate (20 C.F.R. §§ 404.1565 and 416.965).
>
> 5. Considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

R. at 22-41.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to give proper weight to the opinion of Dr. Ronald A. MacBeth, Plaintiff's treating orthopedist. (See generally doc. no. 14 ("Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 15 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145

(11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

4

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Weight of Opinion by Treating Physicians and Consulting Physicians.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). A treating physician's opinion may be properly discounted if (1) it is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion

5

was conclusory or inconsistent with the doctor's own medical records. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

Although a treating physician's opinion must generally be given substantial weight, the same is not true of a consultative physician. As a general rule, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford, 363 F.3d at 1160-61. In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 404.1527(c)(1)-(2), (5).

### B. The ALJ Demonstrated Good Cause for Not Giving Substantial Weight to Dr. MacBeth's Physical Capacities Evaluation and Opinion that Plaintiff Was Disabled.

Plaintiff contends that the ALJ improperly discredited the opinion of Dr. Ronald A. MacBeth, a treating physician. Pl.'s Br., p. 10. In particular, Plaintiff argues the ALJ failed to support with substantial evidence his decision giving little weight to Dr. MacBeth's physical capacities evaluation and no weight to his opinion that Plaintiff was disabled and unable to work. Id. In his physical capacities evaluation, Dr. MacBeth opines that Plaintiff can stand for only thirty minutes during an eight-hour workday, sit for one hour of an eight-

hour workday, stand for a period of thirty minutes, sit for a period of one hour, would need to rest several times a day, could only carry ten pounds occasionally, and could only walk approximately 500 feet daily. R. at 534-36. However, Dr. MacBeth's physical capacities assessment is not supported by his own treatment notes and directly contradicted by Plaintiff's testimony, and it was, thus, appropriately given little evidentiary value by the ALJ.

The record shows that Dr. MacBeth's findings are largely unremarkable until his assessment on August 26, 2011, approximately a year after Plaintiff's right hip replacement. Compare R. at 544 with R. at 542. In a January 2011 exam report, Dr. MacBeth noted Plaintiff had "really done excellent and has no problems with the hip today," was weight-bearing as tolerated, was pleased with the pain relief, had good range of motion in the right hip, had a well-healed wound, had no groin pain with forced internal rotation, had no instability symptoms, and had a good strong posterior tibial pulse at the right ankle. R. at 544. Dr. MacBeth released Plaintiff to home therapy as tolerated. R. at 483. Nothing in the physical examination indicated the limited physical capacity assessed by Dr. MacBeth seven months later.

Dr. Macbeth's physical examination on August 26, 2011 reported that Plaintiff is a "healthy-appearing gentlemen in no acute distress" and "right hip has good internal and external rotation" with "no instability episodes." R. at 542. The only explanation that Dr. MacBeth supplies in the treatment notes from August 26, 2011 for Plaintiff's restrictions is that "he has done well from the right hip, but from a physical standpoint he has got overall problems that probably are going to prevent him from getting back to any kind of meaningful

employment." R. at 542. In the assessment filled out on the same day, Dr. MacBeth simply lists his hip, tibial rod, wrist, and use of the cane as the reasons why Plaintiff's functional capacity is limited. R. at 538. In contrast to this assessment, the evidence showed that Plaintiff was able to do very heavy work despite the presence of the tibial rod and was never diagnosed with right wrist problems by Dr. MacBeth, who only noted swelling and discomfort with restricted motion indicative of an arthritic condition in the August 2011 examination, but not in the January 2011 examination. R. at 27, 76, 542. Given the limited functional restrictions from these impairments, the only impairments remaining to cause the restrictions given by Dr. MacBeth was his hip, which Dr. MacBeth reported that he had done well with, and the cane, which was included in the ALJ's RFC. The ALJ also noted Dr. MacBeth's statement that hydrocodone would affect Plaintiff's ability to work, but that Plaintiff's recent medication list shows that he is no longer taking hydrocodone. R. at 26.

In addition to the limited support for Dr. MacBeth's assessment in his treatment notes, Plaintiff's testimony supports a contradictory finding to that espoused by Dr. MacBeth. Dr. MacBeth opined that Plaintiff could only walk 500 feet. R. at 536. However, at the hearing, Plaintiff testified that he walked approximately a mile everyday over the span of two hours, a difference of approximately ten-fold. R. at 60-61. Dr. MacBeth also opined that Plaintiff could only stand for thirty minutes of an eight-hour workday. This assessment is similarly thrown into doubt by Plaintiff's testimony that he spent two hours on his feet walking every day, an inconsistency noted by the ALJ when discrediting Dr. MacBeth's opinion. R. at 27, 60-61. In giving little evidentiary value to Dr. MacBeth's physical

capacities evaluation, the ALJ correctly took into account Plaintiff's contradictory testimony which suggested that the evaluation was unsupported by the evidence. Dr. MacBeth's opinions are also inconsistent with the opinions of the state agency consultative physicians, Thomas Jeffcoat, M.D., and Stephen Burge, M.D., from April and August 2011, respectively, that Plaintiff could perform a reduced range of light work. R. at 27, 103-05, 113-15, 526-33.

Similarly, Dr. MacBeth's opinion that Plaintiff is disabled is an issue reserved for the Commissioner and is not entitled to any special weight. Lawton v. Comm'r of Soc. Sec., 431 F. App'x 830, 834 (11th Cir. 2011). Opinions on whether Plaintiff is disabled "are not medical opinions . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); see SSR 96-5p, 1996 WL 374183, at *2. The only duty that the ALJ has is to simply consider such an opinion. See Lawton, 431 F. App'x at 834. Here, the ALJ considered the opinion but demonstrated a sound basis for rejecting Dr. MacBeth's findings given that his opinion was not bolstered by the evidence and that Plaintiff's testimony supported a contrary finding. As a result, the ALJ's decision rejecting Dr. MacBeth's opinion of disability is supported by substantial evidence.

In sum, the ALJ supported his opinion with substantial evidence in demonstrating that Dr. MacBeth's opinion was not bolstered by the evidence, unsupported by his treatment notes, and was, in fact, directly contradicted by Plaintiff's testimony at the hearing. Further, the ALJ's decision to give Dr. MacBeth's opinion of disability no weight is supported by

substantial evidence given that the ALJ considered it but soundly rejected it.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA